Harold L. Wood, J.
Defendants, by order to show cause returnable October 4, 1971, seek an order permitting J. Radley Herold, their counsel, “ to accompany and be present with (each named defendant) during their individual testimony * * * before the Grand Jury of Westchester County ”.
Counsel for the defendants has reviewed, in a most commendable manner, the applicable Federal and State decisions mandating the right to counsel afforded a defendant from the inception of custodial interrogation prior to arrest, through all intermediate stages of a criminal trial, past sentence and up to a hearing upon a parole revocation. There is a complete failure, however, to set forth any specific authority for the relief sought herein.
At the outset, it must be conceded that the new Criminal Procedure Law, effective September 1, 1971 (L. 1970, ch. 996) has not changed the law set forth in the former Code of Criminal Procedure (Code Crim. Pro., §§ 225, 256, 257, 952-p) concerning the persons permitted in the grand jury room (cf. CPL 190.25, subd. 3, except that the latter adds one further category (CPL 190.25, subd. 3, par. [b]). It is, therefore, permissible to rely upon decisions of courts under the code dealing with the problem raised herein.
Cases are prolific in defining the right of a witness appearing before the grand jury to consult with counsel. (See People v. Ianniello, 21 N Y 2d 418, cert. den. 393 U. S. 827, and cases cited therein.)
It was held, further, in that case (p. 423) that “ it is, of course, a familiar proposition that the lawyer for a witness is not entitled to be present in the Grand Jury room [citing cases]. This *94 rule rests upon the statutory exclusion of all except certain authorized persons before the Grand Jury and the need to preserve the secrecy of Grand Jury proceedings (Code Grim. Pro., §§ 255-259).”
Iatmiello, however, went further- — holding that the witness was permitted, during his Grand Jury interrogation, to solicit the aid of his counsel outside the grand jury room (Ianniello, supra, p. 425), subject, of course, to the proscriptions enunciated by the court therein. This procedure was approved and commended by the Pennsylvania Supreme Court in Commonwealth v. McCloskey (443 Pa. 117, 143) where the court stated that 1 ‘ the court supervising the investigating grand jury to instruct a witness when administering the oath that while he may consult with counsel prior to and after his appearance, he cannot consult with counsel while he is giving testimony. However, the witness should also be informed that should a problem arise while he is being interrogated, or should he be doubtful as to whether he can properly refuse to answer a particular question, the witness can come before the court accompanied by counsel and obtain a ruling as to whether he should answer the question.”
This court is not prepared to ascribe, as the motivation for the instant motion, an attack upon the grand jury system in toto or at least, upon the secrecy of the latter’s proceedings. While those were the feelings of the court in People v. Blair (17 Misc 2d 265, 271), the answer there advanced is pertinent here: “Whatever that purpose may be, we must not be unmindful that even under this new statute (§ 257), the sessions and hearings of the Grand Jury, so long as they are lawful and permissible, must not be regarded and held to be a ‘ judicial examination of the issue between parties.’ The Grand Jury inquiry, more in the nature of a preliminary examination, should not be subverted and converted into a regular trial * * * ‘ implying the right to adduce testimony ’, resulting in a judicial determination after a hearing (29 C. J., § 2, p. 285; Stanton v. United States, 37 F. 252, 255.) There is no necessity for a formal trial, or proving facts on one side and denying them on the other. It merely requires an examination of the charges and an opportunity to make an explanation in reference to them.”
Defendants, finally, raise the issue of the unconstitutionality of section 190.25 of the CPL. This court is constrained to follow the salutary interpretations set forth in the construction and interpretation of statutes, duly enacted (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150) and this, especially, when the burden of showing unconstitutionality beyond a reasonable doubt has not been borne by those asserting it.
*95 Further, “ courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty, and where the invalidity of the act is apparent on its face.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150, p. 312).
For the reasons hereinabove set forth the motion is in all respects denied.